# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR., <br><br> Petitioner, <br><br> v. <br><br> STU SHERMAN, Warden, <br><br> Respondent. | Case No. CV 15-777 JVS (MRW) <br><br> **ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

\* \* \*

This is a state habeas action. In 2002, Petitioner was convicted of two counts of continuous sexual abuse of a child. He is currently serving a 20-year sentence in state prison.

Petitioner has unsuccessfully sought habeas relief from his conviction in this Court on two occasions. In 2013, the Court dismissed Petitioner's first habeas action with prejudice as untimely. Gaines v. Diaz, No. CV 13-2795 ABC (AN)

(C.D. Cal) (Docket # 8, 9). Petitioner filed another habeas action in 2014. The Court dismissed Petitioner's second habeas action as successive and filed without authorization of the Ninth Circuit Court of Appeals [28 U.S.C. § 2244(b)]. Gaines v. Sherman, No. CV 14-5193 ABC (AN) (C.D. Cal.) (Docket # 4, 5).

Petitioner commenced the present habeas action in this Court in February 2015. He broadly alleges that he is "actually [and] factually innocent" of the charges that led to his 2002 conviction. The current petition was not accompanied by a certificate from the Court of Appeals authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).[1]

* * *

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of

[1] According to the forms that Petitioner used to initiate this action, he purports to bring his challenge under 28 U.S.C. § 2241 (general claim of detention in violation of federal law) or § 2255 (challenge by federal prisoner to conviction). (Petition at 1, 3, 5.) However, it is clear that Petitioner seeks review of his underlying criminal judgment; such a petition falls squarely within the parameters of Sections 2244 and 2254 regarding state convictions.

Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

The current petition challenges Petitioner's 2002 conviction. Petitioner previously sought federal habeas relief for those convictions in 2013 and 2014. The first action was dismissed with prejudice as untimely under AEDPA. The Court dismissed the second action as successive and filed without proper authorization as required by statute. Petitioner failed to obtain permission from the federal appellate court to bring the present habeas action. On this basis, the current petition is subject to summary dismissal. <u>See</u> 28 U.S.C. § 2244(b); <u>Burton</u>, 549 U.S. 147; <u>McNabb</u>, 576 F.3d at 1029.

Additionally, even if the action were not successive, Petitioner offers no explanation why his claim is timely under AEDPA (especially after the Court previously dismissed the action as <u>untimely</u>). A "credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding" the forfeiture of those claims under state law or based on AEDPA's time limits. <u>McQuiggin v. Perkins</u>, ___ U.S. ___, 133 S. Ct. 1924, 1933-34 (2013). However, a prisoner still has the considerable preliminary burden of demonstrating that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>House v. Bell</u>, 547 U.S. 518, 537 (2006); <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

Petitioner's bare assertion that he is "actually [and] factually innocent" is entirely unsupported by any evidence. Rather, the submission consists of lengthy recitation of the facts of the case and Petitioner's conclusory statements in support of his position. Nothing in the petition constitutes the type of "new evidence"

1  sufficient to carry Petitioner's high burden. House, 547 U.S. at 537. Petitioner's
2  submission is inadequate to meet the "actual innocence" test and obtain review of
3  his decade-old claims.

* * *

5  The current action is successive and untimely. The record establishes that
6  Petitioner did not have permission from the appellate court to file this action after
7  his previous federal cases were dismissed. The petition is subject to summary
8  dismissal without service on the California Attorney General. The action is
9  therefore DISMISSED.

10  IT IS SO ORDERED.

12  Dated: February 13, 2015                    _____
13                                              HON. JAMES V. SELNA
                                                UNITED STATES DISTRICT JUDGE

4